TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Ryan Gortcinsky,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Gortcinsky, | Case No.: 4:15-cv-00183-JGZ |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| Equifax Information Services, LLC, a Georgia corporation; Trans Union, LLC, a Delaware limited liability company; Experian Information Solutions, Inc., an Ohio corporation, and Ocwen Loan Servicing, LLC a foreign L.L.C., | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, Ryan Gortcinsky, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, et seq. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Tucson, Pima County, Arizona.

4. Venue is proper in the District of Arizona, Tucson Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona; ~~and~~

  c. <u>Experian Information Solutions, Inc. ("Experian") which is an Ohio company that maintains a registered agent in Maricopa County, Arizona; and</u>

  d. Ocwen Loan Servicing, L.L.C. ("Ocwen"), which is a Delaware corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. ~~An Ocwen Loan Servicing trade line with account number 39856315 ("Errant Trade Line") is being reported on Plaintiff's credit files with Equifax and Trans Union with an erroneous balance, past due amount, and late payment remarks.~~ <u>Ocwen Loan Servicing has reported a trade line with account number 39856315 ("Errant Trade Line") on Mr. Gortcinsky's Experian, Equifax and Trans Union ("Credit Reporting Agencies" or "CRAs") credit files with an erroneous balance, past due amount, and late payment remarks.</u>

7. The Errant Trade Line relates to Mr. Gortcinsky's second mortgage. In 2009, his house was foreclosed on in Arizona. Per Arizona's Anti-Deficiency statutes, Plaintiff does not owe any balance or past due.

8. On or about July 11, 2014, Plaintiff obtained his credit reports and noticed the erroneous balance on the Errant Trade Line.

3

9. On or about November 7, 2014, Mr. Gortcinsky submitted letters to ~~Equifax and Trans Union~~ the CRAs disputing the balance on the Errant Trade Line.

10. Upon information and belief, ~~Defendants Equifax and Trans Union~~ the CRAs transmitted Mr. Gortcinsky's consumer disputes to Ocwen.

11. In December of 2014, Mr. Gortcinsky received the results of the investigation from ~~Equifax and Trans Union~~ the CRAs, ~~which both~~ which showed that Ocwen continued to reflect the Errant Trade Line.

12. On or about March 5, 2015, Mr. Gortcinsky submitted another letter to ~~both Equifax and Trans Union~~ the CRAs, disputing the Errant Trade Line.

13. Upon information and belief, ~~Defendants Equifax and Trans Union~~ the CRAs transmitted Mr. Gortcinsky's second consumer disputes to Ocwen.

14. <u>On or about March 19, 2015, Mr. Gortcinsky received correspondence from Experian which stated that it reviewed the documentation he provided with his dispute, but that it had determined that it was not able to use it to make the changes or deletions that he requested. Experian stated that it was contacting the furnisher of the information and that when it completed the processing of Mr. Gortcinsky's dispute, which could take up to 30-45 days, it would send him the results.</u>

15. On or about March 20, 2015, Mr. Gortcinsky received results of the investigation from Defendant Equifax, ~~which retained~~ which showed that Ocwen retained a balance of $44,976.00, a past due amount of $24,865.00, and late payments as recent as February of 2015 on the Errant Trade Line.

16. On or about April 1, 2015, Mr. Gortcinsky received results of the investigation from Trans Union, which also showed that ~~it~~ Ocwen retained a balance of $44,976.00, a past due amount of $24,865.00, and late payments as recent as March of 2015.

17. On or about May 15, 2015, Mr. Gortcinsky obtained his Experian credit file which showed that Ocwen retained a balance of $44,976.00 and past due amount of $25,190.00 on the Errant Trade Line.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY OCWEN**

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by ~~Equifax and Trans Union~~ the CRAs of Mr. Gortcinsky's consumer disputes to the Errant Trade Line, Ocwen negligently failed to conduct a proper reinvestigation of Mr. Gortcinsky's disputes as required by 15 USC 1681s-2(b).

20. Ocwen negligently failed to review all relevant information available to it and provided by ~~Equifax and Trans Union~~ the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct ~~Equifax and Trans Union~~ the CRAs to remove the balance, past due amount, and late payments from the Errant Trade Line.

21. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Gortcinsky's consumer credit file with Equifax, ~~and~~ Trans Union, and Experian to which it is reporting such trade line.

22. As a direct and proximate cause of Ocwen's negligent failure to perform its duties under the FCRA, Mr. Gortcinsky has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Ocwen is liable to Mr. Gortcinsky by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Mr. Gortcinsky has a private right of action to assert claims against Ocwen arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Ocwen for damages, costs, interest, and attorneys' fees.

# COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY OCWEN

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by ~~Equifax and Trans Union~~ the CRAs that Mr. Gortcinsky disputed the accuracy of the information it was providing, Ocwen willfully failed to conduct a proper reinvestigation of Mr. Gortcinsky's dispute.

27. Ocwen willfully failed to review all relevant information available to it and provided by ~~Equifax and Trans Union~~ the CRAs as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Ocwen's willful failure to perform its respective duties under the FCRA, Mr. Gortcinsky has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Ocwen is liable to Mr. Gortcinsky for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Ocwen for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Gortcinsky as that term is defined in 15 USC 1681a.

32. Such reports contained information about Mr. Gortcinsky that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Gortcinsky, in violation of 15 USC 1681e(b).

34. After receiving Mr. Gortcinsky's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Gortcinsky has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Mr. Gortcinsky by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Gortcinsky as that term is defined in 15 USC 1681a.

39. Such reports contained information about Mr. Gortcinsky that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or

more third parties pertaining to Mr. Gortcinsky, in violation of 15 USC 1681e(b).

41. After receiving Mr. Gortcinsky's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Gortcinsky has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Mr. Gortcinsky by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Gortcinsky as that term is defined in 15 USC 1681a.

46. Such reports contained information about Mr. Gortcinsky that was false, misleading, and inaccurate.

47. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Gortcinsky, in violation of 15 USC 1681e(b).

48. After receiving Mr. Gortcinsky's consumer disputes to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

49. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Gortcinsky has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

50. Trans Union is liable to Mr. Gortcinsky by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Gortcinsky as that term is defined in 15 USC 1681a.

53. Such reports contained information about Mr. Gortcinsky that was false, misleading, and inaccurate.

54. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Gortcinsky, in violation of 15 USC 1681e(b).

55. After receiving Mr. Gortcinsky's consumer disputes to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

56. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Gortcinsky has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

57. Trans Union is liable to Mr. Gortcinsky by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Gortcinsky as that term is defined in 15 USC 1681a.

60. Such reports contained information about Mr. Gortcinsky that was false, misleading, and inaccurate.

61. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Gortcinsky, in violation of 15 USC 1681e(b).

62. After receiving Mr. Gortcinsky's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

63. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Gortcinsky has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

64. Experian is liable to Mr. Gortcinsky by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

# COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Gortcinsky as that term is defined in 15 USC 1681a.

67. Such reports contained information about Mr. Gortcinsky that was false, misleading, and inaccurate.

68. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Gortcinsky, in violation of 15 USC 1681e(b).

69. After receiving Mr. Gortcinsky's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Gortcinsky has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

71. Experian is liable to Mr. Gortcinsky by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 27, 2015                                KENT LAW OFFICES

DATED: June 10, 2015

By: */s/  Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Ryan Gortcinsky